1   MCGREGOR W. SCOTT
    United States Attorney
2   KATHLEEN A. SERVATIUS
    Assistant United States Attorney
3   2500 Tulare Street, Suite 4401
    Fresno, CA 93721
4   Telephone:  (559) 497-4000
    Facsimile:   (559) 497-4099
5

6   Attorneys for Plaintiff
    United States of America
7

8
                    IN THE UNITED STATES DISTRICT COURT
9
                    EASTERN DISTRICT OF CALIFORNIA
10

11  UNITED STATES OF AMERICA,              **CASE NO.  1:16-CR-00094 NONE-SKO**

12                        Plaintiff,       **STIPULATION TO STATUS CONFERENCE**

13             v.
                                           Date: February 17, 2021
14  JUAN MEDINA, ET. AL.                   Time: 8:30 a.m.
                                           Honorable Sheila K. Oberto
15                        Defendants.

16

17
          The United States of America, by and through MCGREGOR W. SCOTT, United States
18
    Attorney, and KATHLEEN A. SERVATIUS, Assistant United States Attorneys, and the defendant, by
19
    and through his respective attorney of record, Richard Beshewate hereby request and stipulate to
20
    continue the status conference in this case from February 17, 2021 at 1:00 pm until April 21, 2021 at
21
    1:00 p.m.
22
          On May 13, 2020, this Court issued General Order 618, which suspends all jury trials in the
23
    Eastern District of California until further notice.  This General Order was entered to address public
24
    health concerns related to COVID-19.  Further, pursuant to General Order 611 and 620, this Court's
25
    declaration of judicial emergency under 18 U.S.C. § 3174, and the Ninth Circuit Judicial Council's
26
    Order of April 16, 2020 continuing this Court's judicial emergency, this Court has allowed district
27
    judges to continue all criminal matters to a date after May 1, 2021.
28

    STIPULATION TO CONTINUE TRIAL DATE AND TRIAL
    CONFIRMATION                                        1

1    Although the General Orders and declaration of emergency address the district-wide health

2  concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision

3  "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record

4  findings" in a particular case. Zedner v. United States, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-

5  record findings, there can be no exclusion under" § 3161(h)(7)(A).  Id. at 507.  And moreover, any such

6  failure cannot be harmless.  Id. at 509; see also United States v. Ramirez-Cortez, 213 F.3d 1149, 1153

7  (9th Cir. 2000) (explaining that a judge ordering and ends-of-justice continuance must set forth explicit

8  findings on the record "either orally or in writing").

9    Based on the plain text of the Speedy Trial Act—which Zedner emphasizes as both mandatory

10  and inexcusable—General Orders 611, 612, 617, 618, and 620 and the subsequent declaration of judicial

11  emergency require specific supplementation.  Ends-of-justice continuances are excludable only if "the

12  judge granted such continuance on the basis of his findings that the ends of justice served by taking such

13  action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. §

14  3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of the

15  case, either orally or in writing, its reason or finding that the ends of justice served by the granting of

16  such continuance outweigh the best interests of the public and the defendant in a speedy trial."  Id.

17    The General Orders and declaration of judicial emergency exclude delay in the "ends of justice."

18  18 U.S.C. § 3161(h)(7) (Local Code T4).  Although the Speedy Trial Act does not directly address

19  continuances stemming from pandemics, natural disasters, or other emergencies, this Court has

20  discretion to order a continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-

21  week ends-of-justice continuance following Mt. St. Helens' eruption.  Furlow v. United States, 644 F.2d

22  764 (9th Cir. 1981).  The court recognized that the eruption made it impossible for the trial to proceed.

23  Id. at 767-68; see also United States v. Correa, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing Furlow to

24  exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency).

25  The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated

26  by the statutory rules.

27    In light of the societal context created by the foregoing, this Court should consider the following

28  case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-

STIPULATION TO CONTINUE TRIAL DATE AND TRIAL
CONFIRMATION                                                    2

1  justice exception, § 3161(h)(7) (Local Code T4).   If continued, this Court should designate a new date

2  for the status conference.  United States v. Lewis, 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any

3  pretrial continuance must be "specifically limited in time").

4         The parties request that time be excluded between February 17, 2021 and April 21, 2021 for the

5  following reasons:  the defendants need additional time to review the discovery, consult with their

6  clients, and conduct further investigation.  The case involves several controlled purchases of heroin.  In

7  addition, the discovery includes several thousand pages and videos and recordings.  The defendant was

8  arrested in this case in December, 2020 and counsel requires additional time to review the discovery.

9  The proposed status conference date represents the earliest date that all counsel is available, taking into

10  account counsel's schedules, commitments to other clients, and the need for preparation in the case and

11  further investigation.  In addition, the public health concerns cited by General Order 611, 612, 617, 618,

12  and 620 and presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt

13  in this case because counsel or other relevant individuals have been encouraged to telework and

14  minimize personal contact to the greatest extent possible.  It will be difficult to avoid personal contact

15  should the hearing proceed and it is difficult for defense counsel to meet with their clients and review

16  discovery.

17         The parties further believe that time should be excluded, in that failure to grant the requested

18  case schedule would unreasonably deny the defendant continuity of counsel, and unreasonably deny

19  both the defendant and the government the reasonable time necessary for effective preparation, taking

20  into account the parties' due diligence in prosecuting this case.  18 U.S.C. Section 3161(h)(7)(B)(iv).

21  Based on the above-stated findings, the ends of justice served by the schedule as requested outweigh the

22  interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

1   Act.  Therefore, the parties request that the Court exclude the time between February 17, 2021 and April

2   21, 2021 from calculations under the Speedy Trial Act.

3   Dated: February 11, 2021                                    MCGREGOR W. SCOTT
                                                                United States Attorney
4

5                                                               /s/ *Kathleen A. Servatius*
                                                                KATHLEEN A. SERVATIUS
6                                                               Assistant United States Attorney

7

8   Dated:  February 11, 2021                                   /s/ *Richard Beshwate*
                                                                Attorney for Juan Medina

9

**:**

10

### ORDER

11

12          IT IS HEREBY ORDERED that the trial in this case be continued from February 17, 2021, until

    April 21, 2021, at 1:00 p.m.

13
            IT IS FURTHER ORDERED THAT the ends of justice served by the schedule set forth herein as
14
    requested outweigh the interest of the public and the defendants in a trial within the original date
15
    prescribed by the Speedy Trial Act for the reasons stated in the parties' stipulation.  For the purpose of
16
    computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must
17
    commence, the time period of February 17, 2021, until April 21, 2021, inclusive, is deemed excludable
18
    pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) because it results from a continuance granted by the Court
19
    at the parties' request on the basis of the Court's finding that the ends of justice served by taking such
20
    action outweigh the best interest of the public and the defendant in a speedy trial.
21

22  IT IS SO ORDERED.

23
    Dated:   **February 11, 2021**                             /s/ *Sheila K. Oberto*
24                                                             UNITED STATES MAGISTRATE JUDGE

25

26

27

28

STIPULATION TO CONTINUE TRIAL DATE AND TRIAL
CONFIRMATION                                              4